FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JAN 18 2012   ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    Plaintiff,

v.

JOHN R. LIEGEY,
LMT CAPITAL MANAGEMENT, LLC,
DIANE GERARDI, a/k/a DIANE A. GERARDI,
GREENPOINT MORTGAGE FUNDING, LLC, and
JPMORGAN CHASE BANK, N.A.

    Defendants.

---

Case No.

**CV 12 0223**

**BIANCO, J.**

**TOMLINSON, M**

**SUMMONS ISSUED**

### COMPLAINT

The United States of America, pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action against the above defendants to enforce federal tax liens and a judgment lien filed in accordance with 28 U.S.C. § 3201 upon certain property hereinafter described. In support thereof, the United States alleges as follows:

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. John R. Liegey is named as a party to this action because he may claim an interest in the property upon which the United States seeks to enforce its liens.

3. LMT Capital Management, LLC is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its liens.

4. Diane Gerardi, a/k/a Diane A. Gerardi, is named as a party to this action because she may

claim an interest in the property upon which the United States seeks to enforce its liens.

5. Greenpoint Mortgage Funding, LLC is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its liens.

6. J.P. Morgan Chase Bank, N.A. is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its liens.

7. The property upon which the United States seeks to enforce federal tax liens consists of real property located at 35 Wireless Way, Southampton, New York 11968, in Suffolk County, New York (hereinafter "the Property"), more fully described as:

> All that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Town of Southampton, County of Suffolk and State of New York, known and designated as Lot No. 9 on a certain map entitled, "Subdivision Map of Telegraph Hills" filed in the Office of the Clerk of the County of Suffolk on January 11, 1990 as Map No. 8880, being more particularly bounded and described as follows:
>
> BEGINNING at a point which marks the southwesterly corner of the premises described herein with the southeasterly corner of Lot No. 8 on the said filed map which point is also 3,056.32 feet northerly and easterly from the extreme northerly terminus of a curve which curve connects the westerly side of Wireless Way with the northerly side of Edge of Woods Road:
>
> RUNNING THENCE from the point of beginning, North 18 degrees 26 minutes 27 seconds West, a distance of 432.70 feet;
>
> RUNNING THENCE North 71 degrees 33 minutes 33 seconds East, a distance of 196.80 feet;
>
> RUNNING THENCE South 18 degrees 26 minutes 27 seconds East, a distance of 369.06 feet to the westerly side of Wireless Way;

>THENCE along the westerly side of Wireless Way, the following two (2) courses and distances:
>
>1)   South 47 degrees 34 minutes 13 seconds West, a distance of 50.00 feet, and
>2)   along the arc of a curve having a radius of 565.00 feet, a distance of 157.71 feet to the point or place of BEGINNING.

8.  On September 29, 2003, defendant Diane Gerardi acquired title to the Property by deed.

9.  On or about May 18, 2011, the Honorable William B. Rebolini, a Justice of the Supreme Court of the State of New York County of Suffolk, entered a judgment in *LMT Capital Management, LLC v. Diane Gerardi, et al.,* Index No. 04-17891, decreeing that defendant Diane Gerardi holds title to the Property as constructive trustee for the benefit of defendant LMT Capital Management, LLC and that defendant LMT Capital Management LLC is the owner in fee simple and entitled to immediate possession of the Property.[1]

10. Based on information and belief, the state court litigation referenced in paragraph 9 has been appealed.

11. Defendant John R. Liegey is the sole member of defendant LMT Capital Management, LLC, and effectively owns and controls all of the interests in this entity.

12. Defendant John R. Liegey uses defendant LMT Capital Management, LLC, for his personal business needs.

---

[1] Plaintiff United States of America was not a party to this litigation.

13. Defendant John R. Liegey failed to fully pay his federal income taxes, and the Internal Revenue Service ("IRS") made assessments and filed notices of federal tax liens as follows:

| Type of Tax | Tax Period | Date of Assessment | Unpaid Balance of Assessment | Date Notice of Federal Tax Lien Filed |
|---|---|---|---|---|
| 1040 | 12/31/1994 | 10/10/2000 | $ 447,115.88 | 6/20/2011 |
| 1040 | 12/31/1996 | 2/23/1998 | $0.00[2] | 6/20/2011 |
| 1040 | 12/31/1997 | 1/3/2000 | $ 22,373.51 | 5/14/2009 |
| 1040 | 12/31/1998 | 4/3/2000 | $ 3,343.15 | 5/14/2009 |
| 1040 | 12/31/2002 | 7/16/2007 | $ 121,733.44 | 6/20/2011 |
| 1040 | 12/31/2003 | 5/14/2007 | $ 138,717.72 | 6/20/2011 |
| 1040 | 12/31/2004 | 4/16/2007 | $ 146,617.00 | 6/20/2011 |
| 1040 | 12/31/2005 | 4/16/2007 | $ 138,337.54 | 6/20/2011 |
| 1040 | 12/31/2006 | 8/11/2008 | $ 142,590.12 | 6/20/2011 |
| | | | **$1,160,828.36** | |

14. The IRS filed Notices of Federal Tax Lien for all of the tax assessments described in paragraph 13, against defendant John R. Liegey and against defendant LMT Capital Management, LLC, as nominee, alter ego, or transferee of John Liegey, in the Suffolk County Clerk's Office in Riverhead, New York, on June 20, 2011.

15. The IRS filed a Notice of Federal Tax Lien for the tax liabilities for the tax periods ended December 31, 1997, and December 31, 1998, on June 2, 2003, against defendant John

---

[2] The assessed taxes for the year ended December 31, 1996, have been paid but there are amounts owed for statutory additions such as accrued interest.

Liegey. The Notice of Federal Tax Lien was re-filed on May 14, 2009. These Notices of Federal Liens were filed in the Suffolk County Clerk's Office in Riverhead, New York.

16. Pursuant to 26 U.S.C. § 6321, the tax liens attach to all property and rights to property of defendant John R. Liegey, including personal as well as real property.

17. Pursuant to 26 U.S.C. § 6323, the tax liens have priority over all other claims or interests except those described in § 6323(a).

18. Plaintiff United States of America obtained a judgment against defendant John R. Liegey on March 30, 2009, in the amount of $2,810,325.16 in the matter of *United States v. John R. Liegey,* Case No. 1:08-cv-03685-PAC (USDC S.D.N.Y.). The tax assessments described in paragraph 13 are included in this judgment except for the tax assessment for the tax period ended December 31, 2006.

19. On September 30, 2011, Plaintiff United States of America filed an abstract of judgment pursuant to 28 U.S.C. § 3201 with respect to the judgment referenced in paragraph 18, above, in the Suffolk County Clerk's Office in Riverhead, New York.

**WHEREFORE**, the United States requests that this Court:

(A) Determine that defendant LMT Capital Management, LLC is the nominee, alter ego or transferee of defendant John R. Liegey with no ownership interest in the Property;

(B) Determine that defendant John R. Liegey is the true and beneficial owner of the Property;

(C) Determine and adjudge that plaintiff United States of America has valid and subsisting federal tax liens and a judgment lien on all property and rights to property belonging to defendant John R. Liegey;

(D) Determine and adjudge that plaintiff United States of America has valid and subsisting

federal tax liens and a judgment lien on the Property;

(E)  Order that the federal tax liens and the judgment lien upon the Property be foreclosed, and that the Court order the sale of defendant John R. Liegey's interest in the Property by an officer of this Court and distribute the proceeds of the sale to such parties and in such amounts as the Court determines; and

(F)  Award plaintiff United States of America its costs and such further relief as the Court deems just and proper.

>Respectfully submitted,
>
>JOHN A. DICICCO
>Principal Deputy Assistant Attorney General
>U.S. Department of Justice Tax Division
>
>*/s/ Lisa L. Bellamy*
>LISA L. BELLAMY
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6416
>Facsimile: (202) 514-5238
>E-mail: lisa.l.bellamy@usdoj.gov